**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

RONNIE McLEAN o/b/o PATRICIA McLEAN,  )
                                      )
         Plaintiff,                )
                                      )
vs.                                   )
                                      )  Case No.   CIV-08-955-M
MICHAEL J. ASTRUE,                    )
Commissioner of the Social            )
Security Administration,              )
                                      )
         Defendant.                )

# FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 and her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

**PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI and alleged a disability since September 1, 2000 (TR. 12). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 12, 25-28). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on April 17, 2007 (TR. 655-692). Plaintiff died on November 4, 2006, thus, Ronnie McLean, the surviving spouse of Plaintiff was substituted as party Plaintiff and appeared in person and with an attorney and offered testimony in support of the applications (TR. 660-685). A vocational expert (VE) also testified at the request of the ALJ (TR. 685-691). The ALJ issued her decision on February 22, 2008 finding that Plaintiff was not entitled to

DIB or SSI (TR. 12-23). The Appeals Council denied the Plaintiff's request for review on July 8, 2008, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 14). At step two, the ALJ concluded that Plaintiff's diabetes was a severe impairment (TR. 14). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 21).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform sedentary work with certain restrictions (TR. 19). The ALJ used the medical-vocational rules as a framework for decision making and considered the testimony of the VE in determining there were other jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 22). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant period ending December 31, 2004 and was therefore not entitled to DIB or SSI (TR. 12, 22-23).

On appeal to this Court, Plaintiff alleges that the ALJ erred in finding that that Plaintiff had the RFC to perform substantial gainful activity.

In August 2004, Plaintiff was hospitalized for three days under the care of Mel Robison, D.O., who found that Plaintiff had a discharge diagnosis of insulin dependent diabetes mellitus; uncontrolled/diabetic neuropathy of her lower extremities; ulceration of her right hip and buttocks; dehydration; and hepatitis C (TR. 272). Dr. Robison's examination of Plaintiff revealed that she was stable; and that her extremities were warm and showed no clubbing, cyanosis or edema (TR. 273). Plaintiff left the hospital against medical advice (TR. 273).

In September 2004, Plaintiff was examined by Kathryn Trissell, M.D., who found that her extremities showed no edema; that her peripheral pulses were intact; that she had a granulating ulcer on her right hip; and that she had decreased sensation from the knees distally (TR. 306). Dr. Trissell's impression was of poorly controlled diabetes with peripheral neuropathy and autonomic neuropathy with gastroparesis (TR. 306).

In April 2005, Plaintiff was examined by Marcom Herren, D.O., (physiatry), who found that Plaintiff was alert, oriented and in no acute distress (TR. 360). Dr. Herren also found that she had

essentially normal cervical, thoracic, and lumbar curves; and that she had pain in her lower lumbar region mildly with lumbar flexion and extension; and that she had decreased sensation in all extremities (TR. 360). Dr. Herren's assessment was of advanced peripheral neuropathy secondary to diabetes mellitus; depression with anxiety disorder; chronic pain disorder secondary to peripheral neuropathy; and chronic low back disorder (TR. 360). A contemporaneous x-ray of Plaintiff's lumbar spine showed joint space narrowing and marked general osteophytes at L5-S1 (TR. 362).

In July 2005, Plaintiff underwent a consultative physical examination performed by Akram Abraham, M.D. (family practice), who found that Plaintiff's extremities were warm to touch without edema or abnormalities; that she had full range of motion in her back, neck, upper and lower extremities, although she claimed to have pain; and that Plaintiff had normal muscle strength in her upper and lower extremities (TR. 364-365). Dr. Abraham's impression was of diabetes mellitus by history non-controlled, alleged peripheral neuropathy, and physical findings suggestive of IV drug abuse with multiple small abscesses and ulcerations (TR. (365). Dr. Abraham further commented that Plaintiff was able to effectively point the thumb to the finger tips and able to manipulate small objects and grasp a hammer, but that these activities were very sluggish due to drug effects (TR. 365). Dr. Abraham further commented that he believed that the Plaintiff exaggerated her physical findings and that her pain was not as severe as alleged (tR. 366).

Plaintiff argues that the ALJ erred in finding that she had the RFC to perform substantial gainful activity. (See Plaintiff's Brief at pages 8-10).  As to Plaintiff's RFC the ALJ found that

> Plaintiff has the residual functional capacity to perform sedentary work except she can only occasionally climb, balance, kneel, stoop, crawl, and crouch. She is also limited in that she [sic] to be able to sit and stand in while performing work at as needed intervals

(TR. 19). Plaintiff argues that the ALJ should have found that Plaintiff was precluded from performing even sedentary work because of her peripheral neuropathy (See Plaintiff's Brief at page 10).

The ALJ agreed that Plaintiff had diminished physical abilities and included appropriate limitations in her RFC finding. Plaintiff's argument that her condition prevents her from performing any work finds no support in the medical record for the relevant period. The medical record, as summarized above, supports the ALJ's RFC finding. Thus, no error was committed by the ALJ when she failed to conclude that Plaintiff was precluded from all work activity. The ALJ's RFC takes into account Plaintiff's physical and mental limitations which are established by the medical evidence. An ALJ need not include in the RFC assessment limitations unsupported by the medical record. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The medical record fails to support the degree of limitation claimed by Plaintiff.

Plaintiff states the "overwhelming medical evidence indicates that McLean has not retained the RFC to engage in SGA", however, Plaintiff fails to specifically identify any such evidence in her argument. The court will not "sift through" the record to find support for the claimant's arguments. *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1238 n.8 (10th Cir. 1997).

Thus, the ALJ's RFC determination is supported by substantial evidence and should not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 31st day of August, 2009.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE